UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MOHOMED SAEED,

                Plaintiff,           **ORDER**
                                                      19-CV-2134 (MKB) (SMG)
       v.

WARDEN HERBITO TELLEZ[1]

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Mohomed Saeed, proceeding *pro se* and currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, commenced the above-captioned action on April 8, 2019, against Herman E. Quay, former warden of MDC, alleging violations of his Fifth and Eighth Amendment rights based on prison conditions at MDC between January 27, 2019 and February 3, 2019. (Compl. 4, 8, Docket Entry No. 1.)[2]

        On February 28, 2020, the Court's scheduling order was returned as undeliverable because the "inmate was no longer at [the] facility," (Mail Returned to Sender dated Feb. 28, 2020, Docket Entry No. 16), and on November 23, 2020, neither side appeared at the Court's scheduled conference, (Min. Entry dated Nov. 23, 3030, Docket Entry No. 21). On December 1, 2020, Magistrate Judge Steven M. Gold directed Plaintiff to file a status report by December 22,

---

    [1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the caption has been updated to reflect new warden of MDC, Herbito Tellez. *See O'dell'bey v. Semple*, No. 19-CV-304, 2020 WL 127698, at *1 (D. Conn. Jan. 10, 2020) (taking judicial notice and substituting former warden of institution with new warden to the extent he was being sued in his official capacity).

    [2] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

2020, indicating whether he intended to pursue this action and noting that failure to comply may result in a recommendation of dismissal. (Order dated Dec. 1, 2020.) Plaintiff failed to prosecute the case and by *sua sponte* report and recommendation dated December 28, 2020, Judge Gold recommended that the Court dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "R&R"). (R&R 1–2, Docket Entry No. 27.)

For the reasons explained below, the Court dismisses the action for failure to prosecute.

### I. Background

On November 30, 2020, Defendant submitted a status report informing the Court that following Plaintiff's release from prison on August 2, 2019, Plaintiff has neither appeared in this suit nor updated his contact information with the Clerk of Court. (Def.'s Letter dated Nov. 30, 2020, at 1–2, Docket Entry No. 22.) Defendant asserts that he has sent correspondence to Plaintiff's last known address, which was obtained from the MDC, but Plaintiff has not confirmed receipt of any correspondence. (*Id.*)

In the R&R, Judge Gold noted that Plaintiff has failed to keep the Court informed about his address as both the scheduling order and order requesting a status report were mailed to Plaintiff at the MDC and returned as undeliverable. (R&R 1–2; Mail Returned to Sender dated Feb. 28, 2020; Mail Returned as Undeliverable dated Dec. 16, 2020, Docket Entry No. 26.) Judge Gold also noted that on December 1, 2020, he directed Plaintiff to file a status report by December 22, 2020, and warned that "[f]ailure to comply may result in a recommendation that this case be dismissed for failure to prosecute," (Order dated Dec. 1, 2020), but Plaintiff did not file a status report. (R&R 1.) Judge Gold cautioned Plaintiff that "[f]ailure to file timely objections [within fourteen days to the R&R] may waive the right to appeal the . . . Court's order." (R&R 2 (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).)

No objections to the R&R have been filed and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Arn*, 474 U.S. at 155)); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

**III.   Conclusion**

Accordingly, the Court dismisses the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address of record and close this case.

Dated: January 14, 2021
      Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge

4